129 F.3d 119
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Steven J. MULLER, Plaintiff-Appellant,
v.
Togo D. WEST, Jr. and Department of Army, Defendants-Appellees.
 No. 97-1439.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 1, 1997.*
Decided Oct. 10, 1997.
 
 Appeal from the United States District Court for the Western District of Wisconsin, No. 96-C-0406-S; John C. Shabaz, Chief Judge.
 Before POSNER, Chief Judge, and ESCHBACH and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Steven Muller tried this age discrimination case to the bench and lost. 29 U.S.C. § 621, et. seq. (Age Discrimination in Employment Act of 1967). He now claims that the district court judge unreasonably credited the testimony of Captain David Peck, the decision-maker, and ignored evidence favorable to his cause. We affirm.
 
 
 2
 Muller had been a deck hand on a U.S. Army Corps of Engineers dredge since 1987. In 1990, he sought and obtained a position as a temporary engineering equipment operator for the dredge. Muller was reappointed to the temporary position in 1991, 1992 and 1993. In 1994, Muller was 47 years old. Although Muller reapplied for the temporary positions, Captain Peck appointed Mark D. Miller, who was 41. A bench trial was conducted on Muller's claim that Captain Peck discriminated against him on the basis of his age in the reappointment decision.
 
 
 3
 After hearing all of the evidence, Chief Judge John C. Shabaz decided in favor of the defendants. Judge Shabaz explicitly stated that he believed Captain Peck's testimony that the decision not to reappoint Muller was based on his personal observation that Muller's performance was less than satisfactory. Further, the judge found that Captain Peck relied in part on the recommendations of three dredge supervisors that Muller performed inadequately. Judge Shabaz concluded that age played no role in Captain Peck's decision not to reappoint Muller.
 
 
 4
 A finding of intentional discrimination is a finding of fact. Anderson v. Bessemer City, 470 U.S. 564, 573 (1985). Therefore our review of Judge Shabaz's conclusion is for clear error. Id.; Fed.R.Civ.P. 52(a). It is axiomatic that "[w]here there are two permissible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous." Anderson, 470 U.S. at 574. We review a decision based on a determination of the credibility of witnesses with even greater deference. Id. at 575. We will find clear error only if objective evidence contradicts the witness' story, or the story is so internally inconsistent or fabulous that no reasonable fact finder would credit it. Id
 
 
 5
 Muller attacks Captain Peck's testimony as unbelievable. He points to testimony contradicting Captain Peck's statements that he did not know Miller was younger than Muller and that he did not participate in conversation about the aging of his crew. Muller also points to evidence that suggested Captain Peck decided not to reappoint Muller prior to consulting the supervisors. However, Captain Peck testified on each of these matters, and it was within the judge's purview to believe him. Moreover, even if true, these contentions do not make Captain Peck's testimony so inherently fabulous as to render unreasonable Judge Shabaz's decision to credit his testimony about the reason he did not reappoint Muller.
 
 
 6
 Muller also claims that performance evaluations, in which Captain Peck rated Muller's performance as meeting expectations, show that Captain Peck lied when he characterized Muller's performance as inadequate. We pause to note that "meets expectations" is hardly a ringing endorsement of an employee's performance. Moreover, Judge Shabaz credited Captain Peck's testimony that he assigned Muller this rating because without it Muller would have been ineligible to participate in the appointment process. The judge also found that the performance evaluations were not reliable evidence of Muller's actual performance because "the fact of the matter is that there is no one on the Dredge Thomas that was ever found unqualified." These findings are supported by the record and, therefore, are not unreasonable.
 
 
 7
 Finally, Muller attacks the weight of the evidence, claiming that Judge Shabaz ignored evidence that younger employees were treated more favorably. Specifically, he claims that Judge Shabaz ignored evidence that Todd Wenger, a younger employee who had destroyed some expensive equipment, was appointed to a temporary equipment operator position. Far from ignoring this evidence, Judge Shabaz found that it was irrelevant because Muller did not apply for the position Wenger got. This finding was not clearly erroneous.[1]
 
 
 8
 Crediting the testimony of Captain Peck, Judge Shabaz found that age played no role in the Captain's decision not to reappoint Muller. Because that credibility determination was not clearly erroneous, we AFFIRM the district court judgment.
 
 
 
 *
 This case was originally scheduled for oral argument on October 1, 1997. On August 29, 1997, we granted Appellant's counsel's motion to withdraw. Appellant was afforded the opportunity to secure new counsel. He has not done so; therefore the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 We decline to address Muller's claims regarding the prima facie case and Elmwood Care's burden of production. As we have repeatedly stated, once a case has been tried, the McDonnell Douglas burden-shifting framework becomes irrelevant. See Watson v. Amedco Steel, Inc., 29 F.3d 274, 279-80 (7th Cir.1994), and the cases cited therein